Yes, whenever you're ready. I will tell you the first thing I saw with this case when it got assigned to the panel, I thought of calling the clerk's office and saying there must have been a really big snafu between the Second Circuit and your clerk's offices. This case is here and shouldn't be here because we have the City of New York. But then, of course, when you dive into it, you recognize where it came from and the bankruptcy proceeding. So with that, Mr. Hughes, whenever you're ready. Yes, Your Honor. It's a little bit of an odd one. Bankruptcy court in the 11th and asking to send it to the New York Court of Appeals to certify a clerk. I'm Brad Hughes, Your Honor. This is Jessica Capik. I'm one of the associates with my firm and we represent 5200 Enterprises Limited, which is in fact a Florida entity that owns a piece of property in New York, which is how we got here. We're here today, Your Honor, because the bankruptcy trial court granted a motion dismissed with prejudice and we're requesting that and did so acknowledging a matter of first impression. Counsel, could you move your microphone closer to you or speak louder or both? Yes, Your Honor. Is that better? Much. Thank you, Your Honor. And so we're requesting today that the court certify the question to the New York Court of Appeals that was deemed as being a matter of first impression by the trial court. And really, where the trial court struggled with this, and there's a rule, I should say, under New York law, and it says wherever it appears to the United States Court of Appeals that determinative questions of New York law are involved in a cause pending before that court for which no controlling precedent of the Court of Appeals exists, the court may certify the disposition or the dispositive questions of law to the Court of Appeals. And so as the federal court here, I'm not having any guidance from New York law as far as how it should handle a continuous trespass upon the facts herein, which was the bearing of a structure underneath the property that was owned by 5200 Enterprises by a prior owner of the property, which was City of New York prior to 1950. And so in those circumstances, there's no dispositive cases in New York that speak to the continuous trespass doctrine when the actual trespass was conducted by a party that owned the property at the time that they owned it. But even so, right, I mean, we've got to exercise our own discretion about whether, sort of, in what circumstances to certify, and only if we think that it's sufficiently uncertain, right? Yes, Your Honor, the court certainly has discretion, you know, as far as whether to certify the case and whether or not the court can step in and, you know, really speculate as to what it believes the answer to the question may be, if it ever becomes before the court. So let me just ask you this, because I guess I thought I knew coming into this case what a continuing trespass was. I thought I understood that the continuing trespass doctrine was really one that sort of extended the statute of limitations, but that it first and foremost required an actual trespass, you know, sort of entry onto the land of another. And other than this kind of idiosyncratic California case interpreting the restatement, do you have any cases that suggest that continuing trespass sort of creates additional liability where there is no invasion of someone else's property? They're two separate torts, Your Honor, with two separate elements. And so the element that's missing when you have a trespass, it does require entry of land upon another. The actual restatement, so it's not the law of California, it's not the law of New York or anywhere, but the restatement itself doesn't require the entry upon land of another. It requires the tortious placement of property. And so what you've got is you've got the case out of Illinois, which both take those positions. They say, you know, tortious placement doesn't require entry upon land of another. You can tortiously place something onto your own property. And so that element is satisfied in that situation. And so we have a long history in New York under New York law, you know, starting with the Court of Appeals back in the 60s where they've applied the continuing trespass doctrine. And so I think when you Your Honor. So what was important in that case is the plaintiff in that instance discovered in 1960 that in 1939 or so, again, the city of New York had encroached on their property by having a subway station 30 feet below their property. And so they had a structure that was, you know, buried in their property, which was exactly what we had here, Your Honor, is we had a structure that was buried upon the property. They took this smokestack from a factory. And so what the allegations of the complaint are, which have to be deemed as admitted, are that in 1892, the city of New York constructed a building as a powerhouse for electrical or trolley systems, that around 1930, Coney abandoned the trolley system. I mean, that in 1950, Coney dismantled the power plant, removed the smokestack, and buried the structure in a deep basement and covered it with a concrete slab to create a higher elevation. And so where I think the court missed, where there was a misstep of the court, I mean, really a 55 Motors as well, is that it anticipated or it didn't realize that continuous trespass is a different tort with different elements than the tort of trespassing. Counsel, let me ask you this, though. Interesting issue, but I'm not sure we have to reach it The restatement deals with the tort or non-tort, right? Yes, Your Honor. Okay. And the incursion element. But it doesn't address the statute of limitations. And the statute of limitations turns on whether there is a continuing wrong exception to the statute of limitations in a toxic materials scenario, right? Partially, yes, Your Honor. Well, I think the New York Court of Appeals in the Jensen case, not the Court of Appeals, I'm sorry, not the appellate division, but the New York Court of Appeals. Their Supreme Court, yes. Held that the causes of actions characterized as continuing trespass and nuisance insofar as they seek compensatory and punitive damages are specifically barred by the statute of limitations. There was no, the appellate division in that case found that there was a continuing trespass exception for hazardous waste to the statute of limitations. You cite that Court of Appellate Division decision throughout your briefs, including the Repod brief, I think in the supplemental authority letter. But interestingly, you put 1993 instead of 1992 in the parenthetical addressing that. And 92 was the appellate division decision. And 93 was the Court of Appeal decision that reversed it and held that there was no continuous tort, continuing wrong exception to the statute of limitations in hazardous materials or toxic materials cases. First of all, it's a big blunder if I'm reading it right. Maybe I'm making a blunder, but I don't see any way around the fact that you have cited a court appellate division decision that was reversed on the specific point by the Court of Appeals. And if we've got a Court of Appeals decision from 1993 saying the statute of limitations in effect was not told or ran, I don't see why we should get into the separate restatement question, much less certify the issue to the New York Court of Appeals. Now, have I misread something? Did you just overlook the Court of Appeals decision in Jensen? No, you are. So the statute of limitations, I think, first of all, it's only an appropriate manner to utilize or rule upon statute of limitations if the four corners of the complaint states that all of the, sets forth the time frames and all those things that are appropriate. So statute of limitations would be appropriate for a motion for summary judgment, I think, instead of a motion to dismiss. In this particular case, Jensen, you know, does rule that 214C, you know, bars any claims after three years for tortuous, toxic claims. But there's a whole line of cases, Your Honor, that distinguish between toxic claims and that distinguish between non-toxic claims and whether, and when or not 214C applies. Plus the complaint itself, Your Honor. But counseling PCBs are toxic, aren't they? Well. Isn't that what we're dealing with? Yes, Your Honor, but no, we're not here just on PCBs. We're here on a smokestack, a building that was demolished and placed into the property. So two separate issues with that one. One being timing, Your Honor, and temporally what happened and what was alleged in the complaint. Temporally, the complaint says in 2015 that the smokestack with additional PCBs and for the first time asbestos was discovered by Sony, State of New York. And then the complaint expressly alleges that Sony never told 5200 Enterprises about the, about what it had discovered. And so in order for the court to rely at motion dismiss on a statute of limitations issue, there would need to be something in the complaint that said when 5200 Enterprises learned about the problem. And there's just nothing in the complaint that says that. So if after discovery, I mean, after matters are taken forward from there, it turns out that 5200 Enterprises learned about something before the three years expired. That might be something that's addressed at summary judgment. Yeah, but you can't, with a straight face, expect us to take the extraordinary step of certifying a question about the restatement approach to the New York Court of Appeals that may not even be determinative of the cause at all. Because we get back and then they come in on summary judgment and say, look, it's barred by the statute of limitations. And we say to the New York Court of Appeals, thanks, but never mind. Well, I suppose it's got to be a dispositive issue. And we don't know it's dispositive. And it's not their fault or our fault that we don't know. You said it has to be pleaded in the complaint. You didn't plead it. So we don't know if it's dispositive or not. But that's probably why the court didn't rule on. I mean, the trial court didn't address the statute of limitations and probably because it knew it didn't. I'm simply, I'm simply pointing out to you that I, for one, speaking only for myself, not about to certify to the New York Court of Appeals an issue that may make zero difference in the final analysis to the disposition of an appeal. Your Honor, just to piggyback briefly. I mean, I'm looking at the text of the rule, which you read to us earlier. It says whenever it appears to a U.S. Court of Appeals that determinative questions of New York law are involved. You can certify the dispositive questions to the Court of Appeals. And I think Judge Carnes's point is maybe, maybe not. But I mean, the rule itself in New York says don't send us anything that's not determinative or dispositive. Your Honor, you know, and I think in our brief, we talk about how receptive the Second District is to these types of motions. And perhaps, you know, if it's not dispositive, we have two separate issues. One of them has not been addressed. I think, you know, if it's not being, you know, remanded back to the lower court because of the statute of limitations, I'm not exactly certain how we get back there. The lower court didn't grant the motion dismissed because of a statute of limitations issue. They granted it because of the dispositive issue. But do you take Judge Carnes's point, his point, I think, not to put words in his mouth, so I'll just say my point, is that what if we send this thing to the New York Court of Appeals and they agree with you and then it shuffles back over to the federal system and the district court says case dismissed because the statute of limitations ran. Then we've violated the rule by asking the New York Court of Appeals to issue an answer to a question that was not dispositive. But perhaps the best way to address it is just to remand it back down to the trial court with instructions to proceed on, you know, summary judgment on the statute of limitations issue. And then if the lower court . . . But the problem is that you can't do that with a non-existent cause of action. The district court's already dismissed. But there may be an answer to the questions that Judge Carnes and Judge Newsom have posed to you and that is that for purposes of the rule of certification, determinative may just mean determinative as to the appeal. Because we get interlocutory appeals, we get appeals in which a district court has only decided one of a possible four issues that are dispositive. And maybe determinative means determinative of this appeal, not of the case as a whole because there's a lot to go. Yes, Your Honor. I don't disagree with that. But for example, think of a scenario where a district court had dismissed a claim solely on statute of limitations grounds and the question was a New York law question on statute of limitations. There were a lot of other arguments that were going to be raised if the claim was timely but the district court only ruled on that. Maybe, and I say maybe, we're not precluded from certifying a question on the statute of limitations issue in that hypothetical even though there may be additional work to do if the case goes back to the district court. And even, Your Honor, if you were to certify the question to New York, the New York court doesn't have to take it. I mean, the statistics are that they take a great majority . . . in the exercise of our discretion to do that. Those were the questions that Judge Karnes and Judge Newsom were asking. I don't think it would be inappropriate to do that, Your Honor, particularly in light of the conundrum that you mentioned which is we can't really send this back or potentially we don't have the ability to send this back to the lower court to rule upon an issue that it never ruled upon to begin with because the court may have some difficulty with whether or not the statute of limitations would be an issue or not once evidence is heard. Okay. Thank you very much. You've saved your time for rebuttal. Mr. Warnick. Thank you. May it please the court. Aaron Warnick on behalf of Eppley City of New York. Judge Karnes did bring up the point that was going to be the first point that I was going to raise which is the Jensen case that was cited was overruled and I would also point out that there's CPLR 214 C2. CPLR 214 C2 and that is a New York law which says that there is no continuous wrong exception for toxic waste. That interplays with the municipal rule of 50-I and the interplay between those two with 50-I which is also referenced by the rule 2014 C3 and just very simply what you have here is a municipality actually the statute of this rule this statute the plain language of 214 C2 is it's otherwise known as the discovery rule. So before this rule was put into place in 1986 if there was environmental contamination even if you didn't discover it the statute limitations would start running. Legislature decided we need to make a more fair rule and so it was the date of discovery and so with the date of discovery that is the triggering date. The appellant in their brief put in in their complaint I'm sorry in the complaint stated that there was known contamination and that's why that the property couldn't be leased with the city. I can point the court to it in the complaint. It's known by whom according to the complaint? According to the complaint it says the placement of the property on the and subjected the property to long detailed and expensive environmental investigations and environmental cleanup. There was also a court order in a previous case that the appellee we put in our supplemental index and it's number one and in that order what happened was very briefly the appellant had already sued the previous owner. So remember the state of the city of New York didn't own it past 1951. City of New York sent it sold it to Hasnas who owned it for 36 years who then sold it to the appellant. So first the appellant sued Hasnas back in 87 and lost that court and that's in our appendix and that court said that it was the one of the many things that said was one of the faults of the appellant was they didn't want to on an environmental inspection but they also in the findings of this ruling which was never appealed was that Mr. Lurz L-U-H-R-S who is the sole member of the appellant he wore quote rubber boots so that he could inspect the property during the contamination cleanup. As part of I won't go into the long story of that order but in the order it lays out the findings of fact by the court that there was contamination that the buyer the appellant knew about the contamination and that cleaning up the contamination was a big part of the deal being done. The I will also point out and to your point Judge Jordan about what they knew and didn't know I mean there's evidence left and right on this but also if you look at the Jensen case which is the Court of Appeals of New York it's specific and 214 C2 it says discovered or with reasonable exercise of diligence. Here it's not like they were walking around not knowing what was going on this was a contaminated property this property was put on the registry back in in 89. I'll also point out you keep referring you keep referring to the registry I'll take it from your context that you mean a registry of polluted toxic damaged property yes Judge Kearns it's the registry of inactive hazardous waste disposal sites in the court order which again this is in our appendix it also said the appellant had sandblasted the property spreading PCBs and again this is an order from 1987 that the that the no environmental inspection was done and that lures had observed the cleanup before purchasing. If you look at the Jensen case if you look at the plain language of the it's very clear that the statute of limitations has run even if it wasn't it you still have a problem with is there even a continuous trespass what's the trespass the city hasn't owned this property since 1951 and during that time there was no law that was broken it going within the four corners of the complaint if something was buried under a piece of property there was no pollution law that was violated so there's no continuing trespass so if you look at the Phillips I'm not sure that that I'm not sure that follows one from the other on that point the fact that something doesn't violate a law doesn't mean it doesn't constitute a court well right it it could and here's the here's the context I'm using there are a lot of things that people do every day that are negligent that don't constitute criminal conduct but are remediable in but it's not necessarily the case that you need a specific violation of a law to have a tort that's true your honor and I will let me narrow it then the Phillips case which is the supreme the court of appeals of New York in 1954 said trespass required an intentional invasion or intrusion so if trespass requires invasion or intrusion which under black's law dictionary is an encroachment of someone's rights and then you look over here and there's no continuous wrong on for toxic waste purposes under Jensen I don't even see how you have a trespass at all just just to start off with that point not only to mention the fact how can you trespass on your own property there's no New York case that has said you can trust you're trespassing on your own property has to be on someone else's property we've cited numerous cases and right now that's the law of the land where you have appellate courts who have ruled on this issue and this is binding authority under Mountain View coach that that's the law of the land you you'd have to trespass on someone else's property we cite the binding authority binding authority in the sense that until there's a contravening opinion where an appellant court has ruled on the issue it's binding authority at the trial court level there's been no opinion that's on the other side in New York there's no split of opinions here I understand that the appellant may want to change the law but that's not the forum here the other thing your honor is whether it's the various cases that we've cited it's undisputed that the appellant knew of contamination in 86 there's been one point brought up of well did they know about the contamination under the slab just because you know about the contamination of the whole site but maybe not one little piece doesn't mean you didn't know about contamination and then the question is again looking at Jensen and the statute 214 c2 do you need to exercise reasonable diligence and in looking at that I also will quickly point out because I do want to move to the other argument I only have a few minutes the various cases that the appellant has cited are all before Jensen or they ruled for something different so very quickly they've mentioned 509 6th Avenue that was in 1964 Jensen was decided in 93 and Jensen was actually after governor Cuomo in the New York legislature had negotiated to make sure that there was a more fair rule put in place as opposed to someone who was contaminated and didn't find out for years later 461 Broadway Martin Bloss all these cases that the appellant has sites were later either either did not hold for what the appellant says they did or were later overturned by Jensen if the court will allow because I only have five minutes I could turn to the BAP CPA issue unless you're it's your choice he wasn't able to get to it in his argument but if you want to address it now you can and but that'll give him a chance to combat it in his rebuttal so it's your choice I would like to address it your honor so we also ask that the court affirm the bankruptcy court's order stating that it lacked jurisdiction to redetermine ad valorem taxes way back from starting in 87 uh this court and reed specifically held that all ad valorem taxes that were prior to the expiration of the deadline as so let me rephrase that that were never contested prior to the expiration of the non-bankruptcy law deadline cannot be redetermined by a bankruptcy court this is clear BAP CPA were the amendments by congress that was enacted in 2005 for all cases filed after that we have 505 a2c 505 a2c the bankruptcy code is very specific and it says that a bankruptcy court cannot redetermine taxes where the applicable non-bankruptcy law has expired not only that in Norton's treaties on bankruptcy updated this year the 2005 amendments at 505 a2c effective for all cases filed on or after October 17th 2005 this case was filed in 2018 I don't see how one could go back and say well these are old taxes so therefore the somehow grandfathered in and the law shouldn't apply um one of the the land graph supreme court case that the appellant has brought up is that uh retroactive laws you can take you don't want to have it where you take away someone's rights well here the appellant didn't have any rights under 505 a2c until it filed bankruptcy what rights did it lose very simply the appellant didn't file taxes from 86 to to now actually never challenged them once in 93 filed one notice and then didn't follow through with it you didn't mean didn't file taxes you mean didn't file challenge I'm sorry didn't file thank you didn't file challenges to the property tax so what rights did he lose there's no retroactive effect that land graph is talking about there's no loss of right to contest or challenge there's new york law that puts in place that would happen every single year and here that was just never done the other thing that the appellant brings up is that bankruptcy is a right guaranteed by the constitution we all know that's not true u.s versus crass in the supreme court it says the u.s supreme court has said bankruptcy is a to enact uniform law but the supreme court specifically said there's no constitutional right to obtain the discharge of one's debts in bankruptcy this result that would happen if bankruptcy courts all of a sudden have jurisdiction to go back and relitigate old is exactly what this court with this court in reed talked about that 505 a2c so that people aren't abusing the process these taxes were just never contested I think overall your honors I'll leave with this I think what you're seeing here is you had an appellant who made a series of bad decisions sat on their rights over the years whether they they didn't file a claim with they didn't challenge taxes they sued the previous owner and lost then they somehow file in florida in 2018 because he had a residence here but the property was in new york and it's new york law but okay so then all this happens and now finding a scapegoat someone to sue let's sue the city of new york so with that even though there's a little time left unless the justices have any questions I'll finish my presentation all right thank you very much so can can I ask you and I'm not eating into your time now but can I ask you to address one thing in your rebuttal so I I mentioned at the outset that I thought I knew what a continuing trespass was I guess what I should have said is that I thought first that I knew what a trespass was you know under new york law and your your adversary has quoted the language uh you know it requires intentional entry onto the land of another like you don't I presume that you don't dispute that as a proposition of new york law to begin with that's what a trespass is yes your honor and so how then then I think you said in response to me that a continuing trespass is an altogether different thing with different elements yes your honor what are the elements of a continuing trespass such that the element of trespass namely encroachment onto the land of another is forgiven so your honor the elements it's the restatement towards 160 well I'm talking about new york law I mean so the new york courts have said that trespass requires encroachment onto the land of a continuing trespass forgives that element I mean the way I read this old Galway decision it says trespasses upon real property affected by an unlawful structure or nuisance are continuous in their nature and thus give rise to successive causes of action from time to time as the injuries are perpetrated so this is why I came into this case thinking I think I know what a continuing trespass is it's a trespass that like keeps happening and because it keeps happening you can kind of like wait wait wait wait wait wait wait to sue because it keeps happening to you pollution oozing whatever it just keeps happening but it is on it's from from someone else's land onto your own yes your honor so I think probably the case that best sets that forth so in our brief is that in the matter of deluxe development of new york inc versus new york city school construction first department 1998 so that's after the 214 c case and it says in the so in this particular case the they're dealing with unlawfully dumped debris on the property around july of 1996 and so it says in the latter connection we note the statute of limitations defense by appellant is manifestly without merit given the continuing nature of the trespass by alleged alleged by respondent which trespass assertedly went unabated until respondent removed the unlawfully dumped debris from its property all right that was a trespassing onto b's land right um this is the continuing trespass I think I know yes your honor and then just onto b but he keeps doing it and so b has some grace and but it's the citation your honor and so the citation that they have here says unlawfully dumped debris from its property in and around july 1996 respondents claim for trespass was timely interposed c restatement second of torts 161 comment b i mean so the new court of appeals has already adopted the restatement of torts comment b specifically your honor and so that's tortious placement um is is what's required under that um um definition it's not um unlawfully entering the land of the other torches how many different title holders come well that's when that's where new york has the hole in their law your honor is that there's not in 55 motor acknowledges this there's not a case anywhere that talks about placing you know something onto the land that you own at the time and whether or not that can constitute a continuing trespass has been discussed in other places that's the law in california that's new hall interpreting the restatements the law of illinois interpreting the restatement um in contrary to that maryland and massachusetts have interpreted it another way but that's the issue that new york hasn't ruled upon the last thing i'd like to say your honor is just this is on the four corners of the complaint we aren't looking to change the law but any any statute of limitations issue is really just a red herring because those issues weren't alleged in the complaint and they have a discovery perspective well of course this complaint didn't allege statute of limitations defense the question is whether the complaint or materials they're subject to judicial notice are alleged facts that make it evident there is a statute of limitations defense yes your honor i don't think so the complaint alleges specifically that in 2015 um sony learned about this smokestack that was buried learned about additional pcbs and learned about asbestos for the first time and that that was never communicated to 5200 enterprises but isn't that too late even if you take that as the latest notice date well 2015 is not the date 52 enterprises got notice that's the date the state of new york got notice and so i think there needs when did 5200 get notice it it i understood opposing counsel to say it was on the register which is public and that it was uh brought out at the finding of fact in a case to which they were a part i think that's why summary judgment and discovery on this issue would need to move forward no no we don't need discovery we can take judicial notice of any official government record that's uh essentially not subject to dispute such as a registry not necessarily to the truth of the matter on the registry but the fact that it was noticed that that was being said and we can also certainly take judicial notice we've held many times on court decisions and orders in cases that are relevant or related your honor there's a couple of different instances here one is the the registry itself which the complaint makes knowledge of the registry and i think it was 87 or so but the registry is not the smokestack and the registry is not the um the asbestos i mean not the additional pcbs and so i don't believe any of the documents that were cited you know when 5200 enterprise learned about the smokestack that was buried you know or learned about the um the asbestos or the additional pcbs your honor okay mr hughes thank you very very much mr warning thank you very much we appreciate it and we'll move on to our last case of the morning case number